IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ALICE PERDUE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 7:18-cv-0416 |
| | ) |
| ROCKYDALE QUARRIES | ) |
| CORPORATION, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM IN SUPPORT OF
MOTION FOR ENTRY OF A PROTECTIVE ORDER**

Defendant Rockydale Quarries Corporation ("Rockydale"), by counsel, states as follows in support of its Motion for Entry of a Protective Order, pursuant to Federal Rule of Civil Procedure 26(c), staying further discovery in this matter until Defendant's pending Motions to Dismiss are resolved.

**INTRODUCTION**

Plaintiff filed a five-count Complaint against Rockydale on August 24, 2018, alleging violations of Title VII of the Civil Rights Act of 1964 and the Equal Pay Act ("EPA"), breach of contract and intentional infliction of emotional distress ("IIED"). Rockydale moved to dismiss the Complaint globally pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) (ECF Nos. 9, 10) for the following reasons: (1) Plaintiff failed to properly exhaust her Title VII claims prior to filing, and therefore they were jurisdictionally defective; (2) Plaintiff failed to adequately identify a proper comparator, as she must, in support of her EPA claim; (3) Plaintiff's contract claim was barred by both time and the Statute of Frauds, and it substantively flawed, as her alleged oral contract was expressly contradicted by the written terms of her offer letter; and (4)

the facts alleged in support of Plaintiff's IIED claim simply did not rise to the level of "outrageousness" required to state a claim under Fourth Circuit precedent. *See Gaiters v. Lynn*, 831 F.2d 51 (4th Cir. 1987). (An employee must show that the employer's conduct was "so outrageous in character, and so extreme in degree, as to be beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community.").

Rockydale's motions were fully briefed and argument was heard on January 23, 2019. Since that hearing, Plaintiff and Rockydale have exchanged discovery requests and responses, and Rockydale and Plaintiff have provided each other with document productions. On March 26, 2019, Plaintiff's counsel wrote a letter to counsel for Rockydale seeking supplemental responses and document production from Rockydale. On March 27, Plaintiff requested to take the depositions of eight current or former Rockydale employees. On March 28, Plaintiff issued her Second Requests for Production to Rockydale. Those documents are attached as **Exhibit A**.

Pursuant to Rule 26(c)(1), counsel for Rockydale conferred with counsel for Plaintiff and requested that discovery be stayed pending the Court's decision on Rockydale's Motions to Dismiss. Rockydale suggested that discussions of the proper scope of discovery and determinations of relevancy were difficult to have without a determination of which, if any, of Plaintiff's claims would remain after Rockydale's Motions to Dismiss were decided. Plaintiff insisted that discovery proceed without respect to the pending motions, and the parties were unable to reach agreement. Relevant documentation is attached as **Exhibit B**. Rockydale therefore certifies under Rule 26(c)(1) that it has conferred with Plaintiff in good faith in an attempt to resolve this dispute without court action.

# ARGUMENT

Under Rule 26(c) of the Federal Rules of Civil Procedure, courts have discretion to issue orders limiting discovery, including the timing of discovery. *See Am. Gen. Fin., Inc.*, 340 F.3d 187, 196 (4th Cir. 2003) (Districts Courts have "wide latitude in controlling discovery") (internal quotations and citations omitted). This discretion includes staying discovery pending resolution of preliminary dispositive motions. "The court has the implicit authority to limit discovery as to any segregated issues so as to minimize and defer 'costly and possibly unnecessary discovery proceedings pending resolution of potentially dispositive preliminary issues.'" *Hanwha Azdel, Inc. v. C&D Zodiac, Inc.*, 2013 U.S. Dist. LEXIS 108776, at *9 (W.D. Va. Aug. 2, 2013) (citing *Shire LLC v. Mickle*, 2011 U.S. Dist. LEXIS 76811 (W.D. Va. July 15, 2011); *Ellingson Timber Co. v. Great N. Ry. Co.*, 424 F.2d 497, 499 (4th Cir.1970)). "[A] stay of discovery is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." *Loney v. State Collection Serv.*, 2014 U.S. Dist. LEXIS 13821, at *7 (E.D.N.C. 2014) (internal citations and quotations omitted).

The Federal Rules root the nature and scope of discovery in the claims in a plaintiff's complaint: "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). Here, the parties' claims and defenses are contingent upon the outcome of Defendant's global motions to dismiss. The scope of discovery cannot be defined without definite claims. While Rockydale was willing to, and did, provide responses to Interrogatories and a significant document production, deposing witnesses and engaging in potential motions practice concerning the appropriate scope of discovery is premature when the viability and nature of Plaintiff's

claims potentially are in flux. Advancing this case to depositions and discovery disputes at this time simply puts the cart too far before the horse.

## **CONCLUSION**

WHEREFORE, Defendant Rockydale Quarries Corporation respectfully requests that the Court enter an Order staying discovery pending the outcome of the pending global motions to dismiss.

          WOODS ROGERS PLC

          /s Michael P. Gardner
          Thomas R. Bagby, Esq. (VSB No. 14853)
          Michael P. Gardner, Esq. (VSB No. 80380)
          WOODS ROGERS PLC
          10 South Jefferson Street, Suite 1400
          Roanoke, Virginia 24011
          Telephone: (540) 983-7600
          Facsimile: (540) 983-7711
              *Counsel for Defendant*

## **CERTIFICATE OF SERVICE**

I hereby certify that, on this 9th day of April, 2019, the foregoing was filed electronically with the Clerk of Court using the CM/ECF system, which will send notification of such filing (NEF) to counsel of record.

/s Michael P. Gardner